Welch, J.
The plaintiff in error was auditor of Lorain county for six years, commencing in March, 1863; and the commissioners of the county, during that time, made him allowances to the aggregate amount of $1,400, for services under the school law, in addition to his annual salary. An action was brought by the commissioners to recover back this money, as having been allowed and paid without authority of law. In the common pleas the action was sustained, and judgment rendered in favor of the commissioners for the amount so paid; and upon petition in error to reverse the judgment, the cause was reserved in the district court for decision here; the only question being, whether the commissioners had authority by law to make the extra allowances in question; if they had then the judgment must be reversed; otherwise, it must, be affirmed.
It is conceded that the power to make such allowances was given to the commissioners by the 41st section of the school law of 1853 (S. & C. 1360); and the real question is whether that section was repealed by the “ act to regulate and limit the compensation of county auditors,” of Feb. 7, 1861. (58 O. L. 7.) The act of 1861 contains no express repeal of that section of the school law, while it does expressly repeal two other acts, which had been passed “to regulate the.fees of *330 county auditors.” Does it repeal the 41st section of the school law by implication? We thinlc not. There is no necessary or irreconcilable conflict between the two. Both may stand and have effect. They regard different subjects of legislation. The one relates to common schools and the other to a county officer. True, certain duties are imposed upon that officer by the school law. Yet the legislature might well have regarded the auditor, while acting in the discharge of those duties, as a quasi superintendent of schools, and as such entitled to separate compensation. Under the well-known rule of law, that repeals by implication are not to be favored, we feel bound to suppose that such was the intention of the legislature, and that when they say, in the act of 1861, as they do in substance, that the auditor shall receive a specified salary for his services, they must be understood to speak of his services as auditor proper, and not to include those rendered under the school law. I may add, that subsequent acts of legislation on the same matters, the schools and the fees of county auditors, which acts it is unnecessary here to refer to, but which, as being in pari materia., cannot be wholly disregarded, tend to confirm this view of the legislative intent.
Judgment reversed, and judgment entered for plaintiff in error.
Scott, C.J., and White, Day, and McIlvaine, JJ., concurred.